# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE SEIZURE OF<br><br>2015 CHEVROLET SILVERADO, VIN 3GCPCREC4FG173943, LICENSE PLATE NO. 68914H2 | Case No. 1:18-sw-00308-BAM<br><br>ORDER DENYING MOTION FOR RETURN OF PROPERTY SUBJECT TO SEIZURE ORDER<br><br>(Doc. Nos. 3, 4, 6, 8) |

Currently before the Court is Anastasia Purnell's ("Movant") motion for the return of property which was subject to a seizure order. Movant seeks relief pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. (Doc. No. 3.) The United States filed an opposition on May 13, 2019. (Doc. No. 6.) Movant filed a reply on May 28, 2019. (Doc. No. 8.) The matter was heard on June 4, 2019, before Magistrate Judge Barbara A. McAuliffe. Movant, proceeding pro se, appeared in person. Counsel Jeffrey Spivak appeared in person on behalf of the United States. Following oral argument, the Court took the motion under submission. Having considered the motion, the United States' opposition, Movant's reply, the arguments at the hearing on the motion, and the record in this matter, the Court DENIES the motion.

**I.     BACKGROUND**

On August 2, 2018, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") seized a 2015 Chevrolet Silverado, License Plate No. 68914H2, VIN 3GCPCREC4FG173943 (the "Subject Vehicle") pursuant to a federal seizure warrant. (Doc. Nos. 1, 2.) On September 12, 2018, ATF

commenced an administrative forfeiture action against the Subject Vehicle and sent written notice of the seizure and administrative forfeiture action to all persons known to have a potential interest in the Subject Vehicle, including Movant and her brother, Scorpio Purnell, at their last known residence. (Doc. No. 6-1 at 2-4.) Written notice to Scorpio Purnell was initially returned as undeliverable but was successfully delivered on November 2, 2018, by Federal Express. (*Id.* at 3.) Written notice to Movant at her last known residence, which was the same address as Scorpio Purnell's last known residence, was returned as undeliverable. (*Id.*) ATF published notice of the administrative forfeiture action via the Internet on the federal government's dedicated asset forfeiture website, www.forfeiture.gov, for thirty (30) consecutive days from September 17, 2018, through October 16, 2018. (*Id.* at 4-5.)

The written notice of the administrative forfeiture proceedings that was sent to Scorpio Purnell and Movant and published on the federal government's asset forfeiture website contained a complete description of the Subject Vehicle and further stated that a petition for remission or mitigation requesting a pardon of the property must be filed within thirty (30) days of receipt of the notice and, if only a petition was filed and no one filed a claim, the petition would be decided by the seizing agency. (*Id.* at Exhs. 1-3.) The written notices further stated that a claim contesting the forfeiture with the Court was required to be filed within thirty (35) days of the date of the notice. (*Id.* at 2-5.) On October 9, 2018, Movant filed a timely online petition for remission or mitigation of the forfeiture of the Subject Vehicle, listing her contact address as the same address where ATF's written notice was returned as undeliverable. (Doc. No. 6-1 at 4.) A final decision on Movant's petition has not yet been issued. (*Id.* at 5.) Additionally, the last deadline for filing a petition or claim has expired and no other parties have filed any claim, petition, or other response regarding the Subject Vehicle. (*Id.*)

On April 10, 2019, Movant filed the motion seeking return of the Subject Vehicle on the grounds that she is the owner of the property and it "was not directly involved in any type of criminal activity pending before any court." (Doc. No. 3 at 3.) Further, Movant contends that the Subject Vehicle is her sole transportation to and from school and she has been forced to depend on family members and friends to transport her. (*Id.*) In support of her motion, Movant includes a copy of the written notice sent to

Scorpio Purnell as well as a copy of the Subject Vehicle's registration identifying Movant's address as the same address identified in her petition and ATF's written notice which was returned undeliverable. (*Id.* at Ex. A.) In opposition to the motion, the United States argues that the Court lacks jurisdiction to grant a motion pursuant to Federal Rule of Criminal Procedure 41(g) because the Subject Vehicle was administratively forfeited on March 12, 2019. (Doc. Nos. 6 at 3-7, 61-1 at 5.) On reply, Movant reiterates the grounds raised in her motion and further argues that she is entitled to relief because her petition is still pending and has not been resolved. (Doc. No. 8.)

**II.    DISCUSSION**

Rule 41(g) of the Federal Rules of Criminal Procedure provides:

> A person aggrieved by an unlawful search and seizure of property or by deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

Where, as here, there are no criminal proceedings pending against the movant, the Court has discretion to hear a motion to return property as a civil equitable proceeding governed by the Federal Rules of Civil Procedure, even if styled as being pursuant to Federal Rule of Criminal Procedure 41. *United States v. Martinson,* 809 F.2d 1364, 1366-67 (9th Cir. 1987); *Goodman v. United States,* 369 F.2d 166, 168 (9th Cir.1966); *United States v. Sperow*, 2018 WL 6174706, *2 (C.D. Cal. Oct. 18, 2018); *United States v. Gonzalez-Lamas,* 2016 WL 3519161, *2 (E.D. Cal. June 27, 2016). The Court's jurisdiction to consider such motions is equitable in nature and must "take into account all equitable considerations." *Martinson*, 809 F.2d at 1367. "Courts should exercise 'caution and restraint' before assuming jurisdiction over such a motion and they must consider four specific factors to determine if jurisdiction is warranted." *Sperow,* 2018 WL 6174706, at *2 (quoting *Kardoh v. United States*, 572 F.3d 697, 700 (9th Cir. 2009), *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005)). These four factors are: (1) "whether the Government displayed a callous disregard for the constitutional rights of

the movant;" (2) "whether the movant has an individual interest in and need for the property he wants returned;" (3) "whether the movant would be irreparably injured by denying return of the property;" and (4) "whether the movant has an adequate remedy at law for the redress of his grievance." *Ramsden v. United States*, 2 F.3d 322, 325 (9th Cir. 1993).

Relief under Rule 41(g) "is unavailable when property is retained by the government pursuant to . . . forfeiture." *Braddy v. Drug Enf't Agency*, 2018 WL 1870402, *3 (C.D. Cal. Jan. 31, 2018); *see also Lewis v. United States,* 2014 WL 6065538, at *2-3 (S.D. Cal. Nov. 3, 2014) (civil equitable relief under Rule 41(g) is not available where a claimant had an adequate remedy at law to contest the seizure of his property); *Sperow,* 2018 WL 6174706, *2. This is because the movant "could have pursued the return of his property in the context of a judicial or administrative forfeiture proceeding brought by the seizing party." *Sperow,* 2018 WL 6174706, *2; *United States v. Hurtado*, 2009 WL 10671968, *7 (C.D. Cal. Oct. 7, 2009). Therefore, a "wholly adequate remedy at law exists and the exercise of equitable jurisdiction is inappropriate." *Sperow,* 2018 WL 6174706, *2; *see also Hurtado*, 2009 WL 10671968, *7 ("As a general rule, federal courts decline to exercise equitable jurisdiction over a Rule 41(g) motion where the seizing party initiated judicial or administrative forfeiture proceedings regarding the property, and the movant had notice of such proceedings"); *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *United States v. Elias*, 921 F.2d 870, 872-73 (9th Cir. 1990); *Matter of Search Warrant for K-Sports Imports, Inc.,* 163 F.R.D. 594, 596 (C.D. Cal. 1995); *United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1235 (9th Cir. 1988).

Here, Movant concedes that the Subject Vehicle was the subject of administrative forfeiture and does not contend that she received inadequate notice of the administrative forfeiture proceedings.[1] (Doc.

---

[1] In opposition to the motion, the United States further contends that, if the motion is construed as seeking relief under the statutory authority governing set aside of nonjudicial civil forfeiture proceedings set forth in 18 U.S.C. § 983(e), Movant is not entitled to relief because she had actual notice of the administrative forfeiture proceedings. (Doc. No. 6 at 7-10.) However, Movant has not raised this argument or addressed it on reply. (*See* Doc. Nos. 3, 8.) While at oral argument Movant said she did not receive notice, her motion confirms that Movant had actual notice of the administrative forfeiture proceedings and timely filed a petition for remission or mitigation and therefore is not entitled to relief under 18 U.S.C. § 983(e). (*See* Doc. No. 3 at Ex. A.)

Nos. 3, 8.) *See Braddy*, 2018 WL 1870402, *3. Accordingly, Movant has an adequate remedy at law and relief under Federal Rule of Criminal Procedure 41(g) is unavailable. While Movant contends that she is entitled to relief because her petition for remission or mitigation has not yet been decided, the status of ATF's decision on Movant's petition is not determinative because the applicable inquiry is whether forfeiture proceedings have been commenced and not whether a petition for remission or mitigation has been decided by the seizing agency. *See In re Seizure of Containers of Aluminum Pallets Detained at Long Beach Port,* 2017 WL 10581077, *1 (C.D. Cal. Apr. 21, 2017). Here, administrative forfeiture proceedings have not only been commenced, they have been completed. (Doc. No. 61-1 at 5.) Movant may not use a Rule 41(g) motion to collaterally attack an administrative forfeiture proceeding and the Court accordingly declines to exercise its equitable jurisdiction to entertain the motion. *See Braddy*, 2018 WL 1870402, *3.

### III. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiffs' motion for return of property (Doc. No. 3) is DENIED.

IT IS SO ORDERED.

Dated: **June 4, 2019**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE