# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE SEIZURE OF<br><br>CITIBANK ACCOUNT NO. 207100082 IN THE NAME OF ALL PROFIT ORGANIZATION, LLC | Case No. 1:18-sw-00307-BAM-1<br><br>**ORDER DENYING SCORPIO PURNELL'S MOTION REQUESTING AMENDMENT OF ORDER GRANTING MOTION FOR RETURN OF PROPERTY**<br><br>(Doc. No. 9) |
| IN RE THE SEIZURE OF<br><br>2015 CHEVROLET SILVERADO, vin 3GCPCREC4FG173943, license pLATE NO. 68914H2 | Case No. 1:18-sw-00308-LJO-BAM-1<br><br>(Doc. No. 38) |

On October 9, 2019, the Court granted a Motion for the Return of Property Subject to Seizure Order filed by Scorpio Purnell. (Doc. Nos. 3, 29.) The Court's order required the United States to return the funds totaling $9,574.45 seized from Citibank Account No. 207100082 (the "Citibank Account") to Scorpio Purnell. (*Id.*) Currently before the Court is Scorpio Purnell's motion requesting amendment of the Court's October 9, 2019 order granting his motion for return of property. (Doc. No. 38.)[1] By way of the motion, Mr. Purnell requests an order requiring the

---

[1] Mr. Purnell's motion was originally filed in *In re the Seizure of 2015 Chevrolet Silverado, VIN 3GCPCREC4FG173943, License Plate No. 68914H2,* Case No. 1:18-sw-00308-LJO-BAM-1. However, that matter concerned the seizure of a 2015 Chevrolet Silverado and not the funds seized from the Citibank Account and is further stayed pending an appeal to the Ninth Circuit. Accordingly, the Court directed that all further filings regarding the motion be filed in *In re the Seizure of Citibank Account No. 207100082 in the Name of All Profit Organization, LLC*, Case No. 1:18-sw-00307-BAM-1. Mr. Purnell subsequently filed a document entitled "Petition for Writ of Mandate/Mandamus" in *In re the Seizure of Citibank Account No. 207100082 in the Name of All Profit Organization, LLC*, Case No. 1:18-sw-00307-BAM-1. (Doc. No. 9.) This document requests that the United States "be ordered, as in compelled, to comply with the court's order and release" the funds seized from the Citibank Account "in its entirety" to his wife, Mariah Kidane. The Court must liberally construe a *pro se* litigant's

1

United States to return the funds seized from the Citibank Account in its entirety, free of any liens or deductions. (*See id.*)

Mr. Purnell does not identify the rule or other source of his motion to amend the Court's October 9, 2019 order and the Court construes the motion as a motion for reconsideration. Pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." Local Rules 230(j), 430.1(i).

Here, the motion represents that Mr. Purnell has been contacted and advised that "child support among other dividen[d]s would be deducted" from the funds seized from the Citibank Account. (Doc. No. 38.) The motion states that the Citibank Account was in the name of Mr. Purnell's business, All Profit Organization LLC, and All Profit Organization LLC "is not in debt to any other agency." (*Id.*) Mr. Purnell does not appear to contest the validity of any child support owed or other "liens" against him individually. (*Id.*) The motion requests that the funds from the Citibank Account be returned without "deductions, nor [liens] . . . to the account from whence they were seized." (*Id.*)

Mr. Purnell has not provided any authority indicating that an order directing a return of property free of all "liens" and "deductions" is proper in these circumstances. He additionally does not identify the "liens" and "deductions" at issue sufficiently to allow the Court to determine whether his request is appropriate. *See, e.g., United States v. Francis*, 646 F.2d 251, 264 (6th Cir. 1981) (reasoning that the DEA did not act unlawfully in turning money over to state pursuant to a tax lien and case was moot as no basis remained for federal court's jurisdiction); *United States v. Fitzen*, 80 F.3d 387, 388–89 (9th Cir. 1996) (denying a motion for return of property on the grounds that the existence of a state tax levy demonstrated a right to possession adverse to that of

---

pleading. Thus, while Mr. Purnell labeled his filing "Petition for Writ of Mandate/Mandamus," after careful review of the allegations and the relief sought, the Court construes this document as further briefing in support of Mr. Purnell's motion to amend the Court's order granting his motion for return of property.

the defendant).

Notably, the Court initially issued a seizure warrant for the funds in the Citibank Account based upon probable cause All Profit Organization LLC was a front for Mr. Purnell's illegal drug trafficking and money laundering and the Citibank Account contained proceeds from Mr. Purnell's illegal activity. (Doc. No. 1 at ¶¶ 14, 1636-42.) Moreover, the underlying motion for return of property was brought by Mr. Purnell in his individual capacity. (Doc. No. 15.) In support of the motion for return of property, Mr. Purnell provided a declaration under penalty of perjury that the Citibank Account and its funds belonged to him. (*Id.*) Mr. Purnell, the movant for return of the property, is the real party in interest to the account. The Court's order granting the motion for return of property accordingly ordered the funds to be returned by check made payable solely to Mr. Purnell, care of Mariah Kidane, and did not order that the check be made payable to All Profit Organization LLC or direct the United States to redeposit the funds in the Citibank Account. (Doc. Nos. 29, 34.) The Court has not been presented with any basis for directing the United States to return the funds at issue to the Citibank Account or without any "deductions" or "liens" as Mr. Purnell requests. Mr. Purnell has therefore failed to set forth grounds entitling him to reconsideration or amendment of the Court's order granting the motion for return of property.

However, Mr. Purnell's motion appears to indicate that he has not yet received any of the funds seized from the Citibank Account and he further requests an order compelling compliance with the Court's order granting the motion for return of property. (*See* Doc. No. 9.) The Court's October 9, 2019 order required the United States to return the funds seized from the Citibank Account to Mr. Purnell care of his wife, Mariah Kidane, within sixty (60) days. (Doc. Nos. 29, 34.) The United States did not oppose or otherwise respond to Mr. Purnell's current motion and it is therefore unclear whether it has complied with the Court's October 9, 2019 order or whether Mr. Purnell's request for an order compelling compliance is moot. Accordingly, the Court will order the United States to file a status report regarding the return of the funds seized from the Citibank Account within **thirty (30) days of the date of this order.**

Accordingly, IT IS HEREBY ORDERED:

1. Mr. Purnell's motion (Doc. Nos. 9, 38) requesting amendment of the Court's October 9, 2019 order granting his motion for return of property is DENIED;

2. The United States shall file a status report regarding the return of the funds seized from the Citibank Account within **thirty (30) days of the date of this order**; and

3. The Clerk of Court is directed to file this order in *In re the Seizure of Citibank Account No. 207100082 in the Name of All Profit Organization, LLC*, Case No. 1:18-sw-00307-BAM-1, and in *In re the Seizure of 2015 Chevrolet Silverado, VIN 3GCPCREC4FG173943, License Plate No. 68914H2,* Case No. 1:18-sw-00308-LJO-BAM-1.

IT IS SO ORDERED.

Dated: **April 9, 2020**          /s/ *Barbara A. McAuliffe*
                         UNITED STATES MAGISTRATE JUDGE